Colonel Paul A. Parsons Deputy Adjutant General Department of Military Affairs Office of the Adjutant General 300 Logan Street Denver, CO 80203
Dear Colonel Parsons:
By letter dated October 11, 1979, you requested an attorney general's opinion regarding:
1. The Governor's authority to declare an emergency based on events which may occur in the future.
2. The Governor's authority to order members of the National Guard to state active duty during an emergency without pay.
This request was presented in the context of the desire of the Department of Military Affairs to enter into an agreement with the U.S. Forest Service for the use of state personnel and equipment in national forests for forest fire suppression. Under such an agreement, all expenses related to such state support would be paid for by the U.S. Forest Service. It is in this context that the two points raised by your letter will be addressed.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Can the Governor issue an executive order declaring an emergency based on events which may occur in the future?
 My conclusion is "no." The Governor may declare a disaster only if it has occurred or its occurrence is imminent.
2. Can individual members of the National Guard be ordered to state active duty without pay?
 My conclusion is "no." Members of the National Guard cannot be ordered to state active duty without pay unless they are otherwise salaried.
ANALYSIS
The answer to question (1) is found in C.R.S. 1973, 28-2-104(4), which states in pertinent part:
 A disaster shall be declared by executive order or proclamation of the governor if he finds a disaster has occurred or that this occurrence or the threat thereof is imminent.
(Emphasis added.) Thus, a disaster may be declared based on events which may occur in the future only if "this occurrence or the threat thereof is imminent."
The context in which question (1) was asked suggests that you interpreted the statutes to require an executive order declaring a disaster emergency before an agreement could be executed between the Department of Military Affairs and the U.S. Forest Service. This is not the case.
Pursuant to C.R.S. 1973, 28-2-105(2)(k) and (6)(k), the Division of Disaster Emergency Services within the Department of Military Affairs is required to cooperate and coordinate with federal agencies in coping with disaster emergencies. Concomitant with this requirement, DODES is authorized to do all things necessary, incidental or appropriate for the implementation of same. Section 105(6)(n). This authority would include the type of cooperative agreement with the U.S. Forest Service which is being contemplated by the Department of Military Affairs.
However, this agreement would not be self-executing. In other words, the agreement alone would not be sufficient to order the National Guard into active service during a disaster emergency. Such an order could only be triggered by the declaration of a disaster emergency by the Governor under the conditions of C.R.S. 1973, 28-2-104(4). Once the disaster were declared, the Governor could then order the National Guard into service as provided by C.R.S. 1973, 28-2-104(6). After these actions by the Governor were taken, the terms and conditions of the agreement could be readily implemented. (I am assuming that such an agreement would be in writing.)
Regarding question (2), payment for members of military forces is provided by C.R.S. 1973, 28-3-904. This statute states in pertinent part:
 Every member of the military forces not salaried as such, shall receive from the state, while engaged in any service ordered by the governor, pay and allowances. . . .
This statute specifies that the state shall compensate members of the military forces only if they are not otherwise salaried as such. Thus, in response to your question, members of the National Guard may be ordered into service without pay from the state, if they are otherwise salaried for such service. This salary could result from payment for active service or payment by another federal agency pursuant to an agreement with the state such as that envisioned with the U.S. Forest Service.
SUMMARY
To briefly summarize, the Governor may issue an executive order declaring an emergency based on events which may occur in the future only if the occurrence or threat thereof is imminent. If members of the National Guard are ordered into state active duty during a disaster emergency, they must be compensated by the state if they are not otherwise salaried.
Very truly yours,
 J.D. MacFARLANE Attorney General
DISASTERS FORESTS AND FORESTRY NATIONAL GUARD
C.R.S. 1973, 28-2-104 C.R.S. 1973, 28-2-105 C.R.S. 1973, 28-3-904
MILITARY AFFAIRS, DEPT. OF Disaster Emergency Svce Dv
Governor may issue executive order declaring an emergency based on events which may occur in the future if the occurrence or threat thereof is imminent. If the National Guard is ordered into state active duty during a disaster emergency, members must be compensated by the state if they are not otherwise salaried.